**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE

| | | |
|---|---|---|
| **Kenneth and Michelle Imes,** | : | Chapter 7 |
| | : | |
| **Debtor** | : | Bankruptcy No: 24-14566 |

**DEBTORS' ANSWER TO OBJECTION OF THE CHAPTER 7 TRUSTEE**
**TO THE DEBTORS' NEW MATTER**

*COMES NOW*, the Debtors, Kenneth and Michelle Imes, by and through their attorney, Joseph T. Bambrick, Jr., who respectfully files this Answer to the Objection of the Chapter 7 Trustee to the Debtors' New Matter to the Motion to Compel Debtors to Provide Access to Residential Real Property and in support thereof says:

**BACKGROUND**

A. **Procedural Background**

    1. Admitted.

    2. Admitted.

B. **Residential Real Property Owned by Mr. Imes Bankruptcy Estate**

3.  Admitted.

4.  Admitted.

5.  Admitted.

6.  Admitted.  The Debtors relied on the market value provided by the Realtor that was provided to them.

7.  Admitted.

8.  Admitted.

9.  Denied. Strict proof Demanded.

C.  **The Debtors' Unsecured Obligations**

10. Admitted.

D.  **The Debtors' Income and Expenses**

11. Admitted.

E.  **The Debtors' Motion to Withdraw Bankruptcy Case**

12. Admitted.

13. Admitted.

14. Admitted.

F.  **The Trustee's Employment of a Real Estate Broker**

15. Admitted.

16. Admitted.

17. Admitted.

G.  **The Trustee's Objection to the Debtors' Exemptions**

18. Admitted.

19. Admitted.

20. Admitted as red.

21. Denied. In fact, the property is occupied by an individual who is not self-efficient and relies on Imes for support.

22. Denied. The debtor incorporates his answer as paragraph 21 above.

23. No answer required.

H.  **The Debtors' Lack of Cooperation**

24. Denied. The Debtor is without sufficient information to admit or deny what the broker was thinking.

25. Admitted in part and denied in part. It is admitted that there is no exchange of information between Mr. Imes and broker. The Debtor is

without sufficient information in order to know what the broker is thinking.

## I. **The Motion to Compel Access filed by the Trustee and the New Matter filed by the Debtors**

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted. However, the debtor has an absolute right to file to convert to chapter 13, so long as the debtor is qualified to convert to Chapter 13.

### *OBJECTION*

30. For the reason set out in 11 U.S.C. § section 706(a) the debtor believes that a conversion to Chapter 13 is reasonable. In fact, if the debtors is permitted to convert to a Chapter 13 the only individual prejudice is the chapter 7 trustee.

## I. **Standard for Conversion from Chapter 7 to Chapter 13 under 11 U.S.C. § 706(a)**

31. This is legal argument. No answer is required.

32. This is legal argument. No answer is required.

33. This is legal argument. No answer is required.

34. This is legal argument. No answer is required.

35. This is legal argument. No answer is required.

36. This is legal argument. No answer is required.

37. This is legal argument. No answer is required.

38. This is legal argument. No answer is required.

39. This is legal argument. No answer is required.

40. This is legal argument. No answer is required.

41. This is legal argument. No answer is required.

42. (a) This is legal argument. No answer is required.

   (b) This is legal argument. No answer is required.

   (c) This is legal argument. No answer is required.

   (d) This is legal argument. No answer is required.

   (e) This is legal argument. No answer is required.

II. **Conversion from Chapter 7 to Chapter 13 is not Warranted under the Facts of this Case**

43. Denied.

**(1) The Debtors are not seeking to Convert to Chapter 13 in Good Faith**

44. Admitted.

45. Admitted in part. Denied in part. It is admitted that the Debtors filed that the trustee regain counsel to real property for the benefits. Filing the trustee retention of counsel, however the debtors did not act in bad faith when filing to convert.

46. Admitted. This is not an indication of bad faith in part of the debtors.

47. Admitted. This is not an indication of bad faith in part of the debtors.

48. Admitted. This is not an indication of bad faith in part of the debtors.

49. Admitted. This is not an indication of bad faith in part of the debtors.

50. Denied. In fact, the debtor only relief all the facts to counsel, prior to the filing.

**(2) The Debtors cannot propose a Confirmable Chapter 13 Plan**

51. Denied. This is legal argument. No answer is required. The Debtors believe that with the tax refund they will be able to propose a capable plan.

52. This is legal argument. No answer is required. However, the debtor believes that he will be capable of completing a Chapter 13 plan in this matter.

53. Admitted in part. Denied in part. It is admitted that the income for the debtor is negative, the debtor anticipates a large tax refund and is permitted to stay in Chapter 13, they will amend their petition to their income.

54. The Debtors believe that with the value of the property and the tax refund, they will have sufficient income to make reasonable payments.

55. Denied.

56. Denied.

(3) **Prejudice to Creditors**

57. Denied. Creditors are always prejudice is the Debtors' files under any bankruptcy chapter.

58. The debtor did not currently have sufficient income to make the plan, however they believe that with the tax refund and other resources they will be able to make the payment plans.

59. Denied. The debtors' hearing incorporates their answers in paragraphs 1-58 above. In fact, the debtors believes and therefore Aber believes that they can present a conversation plan and they will have the ability to complete the plan if giving the opportunity to do so. Predators always believe that they are prejudiced when any Debtors file for protection under any bankruptcy chapter.

(4) **The Effect of Conversion on the Administration of the Bankruptcy Estate**

60. Denied. The debtors are without insufficient

61. Denied. Strict proof demanded.

(5) **Conversion would be a Further Abuse of the Bankruptcy Process**

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied. In fact, the debtors are only seeking to exercise their rights as permitted by law.

67. Denied. In fact, the trustee is only attempting to hire a real estate broker to liquidate access and is not even seeking competition among real estate brokers in order to obtain the maximum value for the estate.

## *CONCLUSION*

68. Denied.

**WHEREFORE,** the Debtors respectfully request this Honorable Court to:

A. Deny and dismiss the Objection of the Trustee to the Debtors' New Matter with prejudice.

B. Grant such other relief as this Court deems fitting and just.

**Respectfully submitted by,**

Dated: April 11, 2025

_____
**JOSEPH T. BAMBRICK JR, ESQUIRE**
**ATTORNEY FOR DEBTORS**
**Attorney ID 45112**
**529 Reading Avenue**
**West Reading, PA 19611**
**Phone 610-372-6400**
**Fax 610-372-9483**
**No1jtb@aol.com**