IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : CHAPTER 7 |
| | : |
| KENNETH A. IMES, JR. | : BANKRUPTCY NO. 24-14566 (PMM) |
| and MICHELLE L. IMES | : |
| | : |
| Debtors | : |
| | : |

### ORDER

AND NOW, upon consideration of the Motion of Christine C. Shubert, Chapter 7 Trustee (the "Trustee"), for Entry of an Order (I) Authorizing the Sale of Residential Real Property Located at 616 West 2nd Street, Birdsboro, PA 19508 [Tax ID: 31-5334-12-95-1007] (the "Property") Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and (II) Authorizing the Compensation of Real Estate Broker Pursuant to 11 U.S.C. § 330 (the "Motion"), and after notice to creditors and parties in interest; it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Trustee is authorized and empowered to execute and deliver the necessary documents to transfer and sell the Property to Richard W. Rogers, Jr. (the "Purchaser") for the sum of $163,300.00 (the "Purchase Price") pursuant to the terms and conditions of the Standard Agreement for the Sale of Real Estate (the "Agreement of Sale") attached to the Motion as Exhibit "A" (if there is any inconsistency between the Agreement of Sale and this Order, this Order shall control). In accordance with the Agreement of Sale, the Purchaser has paid a deposit in the amount of $10,000.00 which sum shall be credited at the time of closing on account of the Purchase Price.

3. The Trustee be and hereby is permitted to sell the Property to the Purchaser free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery,

judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

4. The Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

5. The Property is being sold to the Purchaser on an "AS IS, WHERE IS" basis, without any warranty, either expressed or implied, with all defects.

6. The transfer of the Property to the Purchaser constitutes a legal, valid and effective transfer of the Property and shall vest the Purchaser with all right, title and interest of Kenneth A. Imes, Jr. in and to the Property, free and clear of all Liens and Claims.

7. The Purchase Price provided by the Purchaser for the Property is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)".

8. RE/MAX of Reading is allowed brokerage commission in the amount of $4,899.00 pursuant to 11 U.S.C. § 330.

9. At closing on the Property, the Trustee is authorized to distribute the proceeds from the sale of the Property as follows:

(a) First, the amount needed to satisfy any outstanding property tax and municipal liens due the applicable governmental authorities;

2

(b) Second, the amount needed to satisfy the first mortgage held by LoanDepot.com, LLC;

(c) Third, the amount needed to satisfy the judgment lien held by JPMorgan Chase Bank, N.A. in the principal amount of $11,686.49 recorded on January 10, 2024;

(d) Fourth, the normal and customary closing costs including, but not limited to, transfer taxes and any recording fees;

(e) Fifth, satisfaction of the realtor fee due to RE/MAX of Reading in the amount of $4,899.00;

(f) Sixth, the sum of $15,425.00 to Kenneth A. Imes, Jr. on account of his allowed exemption in the Property; and

(g) Seventh, the balance to the Trustee.

10. The sale transaction contemplated by this Order is undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and the Purchaser is entitled to the rights and protections granted thereby.

BY THE COURT:

Dated: **June 13, 2025**

*Patricia M. Mayer*
PATRICIA M. MAYER,
UNITED STATES BANKRUPTCY JUDGE